JUL 6 2022 PM 8:54
FILED - USDC - BPT - CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GRAND JURY B-21-1

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 3:20CR30 (KAD) |
| v. | VIOLATIONS: |
| DELROY ANDERSON, a.k.a. "Max" | 18 U.S.C. § 1956(h) (Conspiracy to Launder Monetary Instruments) |
| | 18 U.S.C. § 1956(a)(1)(A)(i) (Promotional Money Laundering) |
| | 18 U.S.C. § 1956(a)(1)(B)(i) (Concealment Money Laundering) |
| | 18 U.S.C. § 1956(a)(1)(B)(ii) (Structuring Money Laundering) |

SUPERSEDING INDICTMENT

The Grand Jury charges:

COUNT ONE
(Conspiracy to Launder Monetary Instruments)

1.      From approximately August 2014 until approximately July 2019, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, the defendant DELROY ANDERSON, a.k.a. "Max," did knowingly combine, conspire and agree with Kelvin Jackson and Stephanie Atkinson, who are charged elsewhere, and with other persons known and unknown to the Grand Jury, to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit:

        a.      to conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that

is, conspiracy to possess with the intent to distribute and to distribute marijuana, with the intent to promote the carrying on of specified unlawful activity, that is, conspiracy to possess with the intent to distribute and to distribute marijuana, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i); and

    b.    to conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, conspiracy to possess with the intent to distribute and to distribute marijuana, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

    c.    to conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, conspiracy to possess with the intent to distribute and to distribute marijuana, knowing that the transactions were designed in whole or in part to avoid a transaction reporting requirement under Federal law, and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(ii).

## Manner and Means

2.  The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

a.  To facilitate and promote the operation of the marijuana trafficking business, the defendant DELROY ANDERSON, a.k.a. "Max," Jackson, Atkinson, and others conspired to use and did use proceeds from the sale of a controlled substance, specifically marijuana, to pay for Federal Express, United Parcel Service, and other shipments of marijuana using the mails.

b.  To facilitate and promote the operation of the marijuana trafficking business, the defendant DELROY ANDERSON, a.k.a. "Max," Atkinson, and others conspired to use and did use proceeds from the sale of marijuana to pay for expenses related to marijuana cultivation operations in California and for stash houses in the marijuana distribution operation.

c.  To facilitate and promote the operation of the marijuana trafficking business, the defendant DELROY ANDERSON, a.k.a. "Max," Jackson, Atkinson, and others conspired to use and did use proceeds from the sale of marijuana to pay for airplane tickets to travel to and from California where the marijuana was grown.

d.  To facilitate and promote the operation of the marijuana trafficking business, the defendant DELROY ANDERSON, a.k.a. "Max," Jackson, Atkinson, and others conspired to use and did use proceeds from the sale of marijuana to pay for electricity and other similar services in California where the marijuana was grown.

e.  To conceal the proceeds of the marijuana trafficking business, the defendant DELROY ANDERSON, a.k.a. "Max," Jackson, Atkinson, and others conspired to deposit and did deposit money into, and conspired to transfer and did transfer money from and to, bank accounts in the names of "MAXIMILLION," "MAXIMILLION ENTERPRISES INC.," "RASTA WORLD

INC.," "BIG STAXX ENTERTAINMENT," "ATKINSON ENTERPRISES," and other such bank accounts, known and unknown, associated with various companies.

 f. To evade the reporting requirements of Title 31, United States Code, Section 5313(a), and the regulations promulgated thereunder, the defendant DELROY ANDERSON, a.k.a. "Max," Jackson, Atkinson, and others conspired to structure and did structure, attempt to structure, and assist in structuring transactions with domestic financial institutions.

 All in violation of Title 18, United States Code, Section 1956(h).

## COUNT TWO
(Promotional Money Laundering)

 3. On or about August 8, 2017, in the District of Connecticut and elsewhere, the defendant DELROY ANDERSON, a.k.a. "Max," did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit: the payment of $3,670.57 to Federal Express, which involved the proceeds of specified unlawful activity, that is conspiracy to possess with the intent to distribute and to distribute marijuana, with the intent to promote the carrying on of specified unlawful activity, to wit: paying Federal Express for the shipment of marijuana, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

 All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 2.

## COUNT THREE
(Promotional Money Laundering)

 4. On or about October 18, 2017, in the District of Connecticut and elsewhere, the defendant DELROY ANDERSON, a.k.a. "Max," did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit: the payment of $5,834.79

to Federal Express, which involved the proceeds of specified unlawful activity, that is conspiracy to possess with the intent to distribute and to distribute marijuana, with the intent to promote the carrying on of specified unlawful activity, to wit: paying Federal Express for the shipment of marijuana, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 2.

## COUNT FOUR
(Promotional Money Laundering)

5. From on or about July 24, 2017, until on or about July 26, 2017, in the District of Connecticut and elsewhere, the defendant DELROY ANDERSON, a.k.a. "Max," did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit: making payments totaling $10,504.05 to Pacific, Gas and Electric ("PG&E"), which involved the proceeds of specified unlawful activity, that is, conspiracy to possess with the intent to distribute and to distribute marijuana, with the intent to promote the carrying on of specified unlawful activity, to wit: paying PG&E for electricity to operate a marijuana grow farm in California, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 2.

## COUNT FIVE
(Concealment Money Laundering)

6. From in or about January 2017 until in or about February 2018, in the District of Connecticut and elsewhere, the defendant DELROY ANDERSON, a.k.a. "Max," did knowingly

conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit: making deposits totaling $486,630 into a MAXIMILLION ENTERPRISES INC. checking account ending in 6731 at JPMorgan Chase, which involved the proceeds of specified unlawful activity, that is conspiracy to possess with the intent to distribute and to distribute marijuana, knowing that the transaction was designed in whole or in part to conceal and disguise the source, ownership and control of the proceeds of said specified unlawful activity, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT SIX
(Concealment Money Laundering)

7. From in or about January 2017 until in or about August 2017, in the District of Connecticut and elsewhere, the defendant DELROY ANDERSON, a.k.a. "Max," did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit: making deposits and/or transfers totaling $53,205.30 into a MAXIMILLION ENTERPRISES INC. checking account ending in 7649 at Citibank, which involved the proceeds of specified unlawful activity, that is, conspiracy to possess with the intent to distribute and to distribute marijuana, knowing that the transaction was designed in whole and in part to conceal and disguise, the source, ownership and control of the proceeds of said specified unlawful activity, and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT SEVEN
### (Structuring Money Laundering)

8. On or about July 24, 2017, in the District of Connecticut and elsewhere, the defendant DELROY ANDERSON, a.k.a. "Max," did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit: making multiple deposits, each one of which did not exceed $10,000, which involved the proceeds of specified unlawful activity, that is, conspiracy to possess with the intent to distribute and to distribute marijuana, knowing that the transaction was designed in whole or in part to avoid a transaction reporting requirement under Federal law, and that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(l)(B)(ii) and 2.

## FORFEITURE ALLEGATION
### (Money Laundering Offenses)

9. The allegations contained in Counts One through Seven of this Superseding Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(1). Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of an offense in violation of Title 18, United States Code, Section 1956, the defendant DELROY ANDERSON, a.k.a. "Max," shall forfeit to the United States of America any property, real or personal, involved in such offense, and any property traceable to such property, including but not limited to, the following accounts:

    (a)    The full account balance in JP MORGAN CHASE Checking Account Number XXX XXXX XXXX 6731, held in the name of MAXIMILLION ENTERPRISES INC. and controlled by DELROY ANDERSON.

(b) The full account balance in JP MORGAN CHASE Savings Account Number XXX XXXX XXXX 7685, held in the name of MAXIMILLION ENTERPRISES INC. and controlled by DELROY ANDERSON.

(c) The full account balance in Citibank Checking Account Number XXX XXX 7649, held in the name of MAXIMILLION ENTERPRISES INC. and controlled by DELROY ANDERSON.

(d) The full account balance in Citibank Savings Account Number XXX XXX 7657 held in the name of MAXIMILLION ENTERPRISES INC. and controlled by DELROY ANDERSON.

(e) An interest up to the amount of $86,639 in Citibank Checking Account Number XXX XXXX 8738 held in the name of DELROY P. ANDERSON.

(f) An interest up to the amount of $31,870 in Citibank Checking Account Number XXX XXX 5710 held in the name of STEPHANIE ITRI CHIA ATKINSON.

(g) An interest up to the amount of $30,840 in Wells Fargo Checking Account Number XXX XXX 1312 held in the name of STEPHANIE ATKINSON.

(h) An interest up to the amount of $71,400 in JP MORGAN CHASE Account number XXXX 5846 held in the name of MONICA M. HERNANDEZ, a.k.a. "MONICA ANDERSON."

(i) The full account balance in EASTMAN CREDIT UNION Business Primary Share Account Number XXXX15895, held in the name of BIG STAXXX ENTERTAINMENT LLC and controlled by KELVIN F. JACKSON.

10. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property that cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), and Title 28, United States Code, Section 2461(c).

All in accordance with Title 18, United States Code, Section 982(a)(1); Title 21, United States Code, Section 853; and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

A TRUE BILL

/s/
_____
FOREPERSON

UNITED STATES OF AMERICA

_____
VANESSA ROBERTS AVERY
UNITED STATES ATTORNEY

_____
JOCELYN COURTNEY KAOUTZANIS
ASSISTANT UNITED STATES ATTORNEY

_____
DAVID T. HUANG
ASSISTANT UNITED STATES ATTORNEY

9